Office of Disciplinary Counsel v. Walsh

CURRAN, *Member,* March 8, 2006—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On May 12, 2005, Office of Disciplinary Counsel filed a petition for discipline against William A. Walsh, respondent. The petition charged respondent with professional misconduct arising out of his failure to appear for an informal admonition and failure to perform the condition of the informal admonition. Respondent did not file an answer to petition for discipline.

A disciplinary hearing was held on August 24, 2005, before a District II Hearing Committee comprised of Chair Robert F. Morris, Esquire, and Members Andrew J. Reilly, Esquire, and Christine Fizzano Cannon, Esquire. Respondent did not appear.

The Hearing Committee filed a report on November 7, 2005, finding that respondent engaged in professional misconduct and recommending that he be suspended for one year and one day.

No briefs on exception were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting on February 1, 2006.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, Office of Disciplinary Counsel, whose principal office is situated at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania 17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings in accordance with the various provisions of the aforesaid rules.

(2) Respondent, William A. Walsh, was born in 1953 and was admitted to practice law in the Commonwealth of Pennsylvania in 1985. He was placed on inactive status by order of the Supreme Court of Pennsylvania dated August 24, 2002.

(3) Respondent is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(4) Respondent has no prior history of discipline.

(5) By letter dated January 27, 2005, Paul J. Killion, Chief Disciplinary Counsel, informed respondent that the reviewing authorities had directed that respondent should receive an informal admonition with condition as the disciplinary action to be taken in disposition of the complaints filed against respondent by Gladys M. Davis and Joyce J. Slay.

(6) The letter dated January 27, 2005, advised respondent that he was in violation of:

(i) R.P.C. 1.3—by failing to act with reasonable diligence and promptness in representing Ms. Davis and Ms. Slay;

(ii) R.P.C. 1.4(a)—by failing to keep Ms. Davis and Ms. Slay informed about the status of their matters and failing to comply with reasonable requests for information;

(iii) R.P.C. 1.4(b)—by failing to explain the matters to the extent necessary to permit Ms. Davis and Ms. Slay to make informed decisions regarding their representation;

(iv) R.P.C. 1.5(b)—by failing to communicate, in writing, to Ms. Davis and Ms. Slay, clients whom he had not regularly represented, the basis or rate of his fee;

(v) R.P.C. 1.15(b)—by failing to provide to Ms. Davis and Ms. Slay an accounting of services rendered when requested to do so;

(vi) R.P.C. 1.16(d)—by failing to take steps to protect Ms. Davis' and Ms. Slay's interests when he withdrew from representing them by failing to timely provide a refund of any unearned advance payment of fees to Ms. Davis, failing to return Ms. Davis' file, failing to provide a refund of unearned advance payment of fees to Ms. Slay and failing to return Ms. Slay's file; and

(vii) R.P.C. 8.4(c)—by making a misrepresentation to Ms. Slay by telling her that he had filed a bankruptcy petition on her behalf when he had not.

(7) The condition attached to the informal admonition was that respondent was required to:

Provide to Ms. Slay an accounting of services rendered, a refund of any unearned advance payment of fees and her file;

Provide proof of such compliance to Disciplinary Counsel Suzy S. Moore within 20 days after his receipt of the January 27, 2005 letter.

(8) The January 27, 2005 letter advised respondent that failure to comply with the condition would result in a reconsideration of the matter.

(9) The January 27, 2005 letter advised respondent that he had 20 days to give written notification to Elaine M. Bixler, secretary of the Disciplinary Board, that he did not wish to accept the informal admonition and that he desired formal proceedings to be initiated.

(10) Respondent never sought to secure the vacation of the informal admonition and never requested that formal proceedings be instituted against him.

(11) The January 27, 2005 letter was sent to respondent by certified mail, return receipt requested, and was returned by the U.S. Postal Service marked "unclaimed."

(12) The January 27, 2005 letter was sent to respondent by regular mail and was not returned.

(13) By notice to appear dated February 25, 2005, Chief Disciplinary Counsel advised respondent that an informal admonition with condition had been scheduled for Friday, March 11, 2005.

(14) The February 25, 2005 notice to appear was sent by certified mail to respondent's registered address and was returned by the U.S. Postal Service marked "undelivered."

(15) The notice to appear was sent by regular mail to respondent's registered address and was not returned by the U.S. Postal Service.

(16) On March 10, 2005, respondent called the District II Office of Disciplinary Counsel and left a message advising that he was aware of the informal admonition scheduled for March 11, 2005, but that it was inconvenient for him to appear.

(17) Respondent did not appear on March 11, 2004 for his scheduled informal admonition.

(18) By letter dated March 23, 2005, Chief Disciplinary Counsel advised respondent that:

(a) Respondent had failed to appear on March 11, 2005;

(b) If respondent had any reason he wished to offer for not appearing at the time set for the informal admonition he should advise Chief Disciplinary Counsel within 20 days from the date of the March 23, 2005 letter;

(c) More serious disciplinary action would be initiated in the absence of receiving from respondent any explanation for not appearing for his informal admonition.

(19) Chief Disciplinary Counsel's March 23, 2005 letter was sent by certified mail, return receipt requested, and returned by the U.S. Postal Service marked "unclaimed."

(20) On March 24, 2005, Chief Disciplinary Counsel sent to respondent, by regular mail, a letter that was in all respects identical to the March 23, 2005 letter, and the letter was not returned.

(21) To date, respondent has not replied in any manner or attempted to contact Chief Disciplinary Counsel.

(22) On June 1, 2005, Joyce Slay filed a claim with the Pennsylvania Lawyers Fund for Client Security.

(23) By letter dated June 2, 2004, Kathryn S. Peifer, Esquire, Executive Director of the Lawyers Fund, advised respondent of Ms. Slay's claim and advised respondent of his opportunity to respond to the claim and to request a hearing.

(24) By letter dated July 25, 2005, respondent advised Ms. Peifer that he was going to make a full refund to Ms. Slay and return her file.

(25) Respondent did not request a hearing on Ms. Slay's claim with the Lawyers Fund.

(26) By letter dated June 24, 2005, Ms. Peifer advised respondent that the Lawyers Fund decided to pay Ms. Slay's claim and advised respondent that if he made payment to Ms. Slay prior to that date, he could avoid additional costs and expenses.

(27) As of the date of the disciplinary hearing, respondent had not provided an accounting of services rendered, a refund of any unearned advance payment of fee and her file to Ms. Slay and, as a result had not provided proof to Office of Disciplinary Counsel that he complied with the condition attached to the January 27, 2005 letter.

(28) Respondent failed to file an answer to petition for discipline; failed to appear at the pre-hearing conference; and failed to appear at the disciplinary hearing.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct:

(1) Pa.R.D.E. 203(b)(2)—willful failure to appear before Disciplinary Counsel for informal admonition shall constitute misconduct and shall be grounds for discipline.

(2) Pa.R.D.E. 204(b)—conditions may be attached to an informal admonition and failure to comply with such conditions, shall be grounds for reconsideration of the matter and prosecution of formal charges against the respondent-attorney.

(3) R.P.C. 8.4(d)—it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

In addition to the foregoing violations resulting from respondent's failure to appear for an informal admonition, respondent is conclusively deemed to have violated the following Rules of Professional Conduct as a result of his failure to demand the institution for formal proceedings:

(1) R.P.C. 1.3—A lawyer shall act with reasonable diligence and promptness in representing a client.

(2) R.P.C. 1.4(a)—A lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable requests for information.

(3) R.P.C. 1.4(b)—A lawyer shall explain a matter to the extent necessary to permit the client to make informed decisions regarding the representation.

(4) R.P.C. 1.5(b)—A lawyer shall communicate to the client, in writing, the basis or rate of the lawyer's fee before or within a reasonable time after commencing the representation when the lawyer has not regularly represented the client.

(5) R.P.C. 1.15(b)—Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. A lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

(6) R.P.C. 1.16(d)—Upon termination of representation, a lawyer shall take steps to protect a client's interest, including refunding to the client any unearned advance payment of fee and returning the client's file.

(7) R.P.C. 8.4(c)—It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

## IV. DISCUSSION

Respondent has been charged with violating the Rules of Disciplinary Enforcement and Rules of Professional Conduct due to his failure to appear for an informal admonition in connection with his representation of two clients, and his failure to comply with the condition to the informal admonition requiring him to provide an accounting to his client of services rendered and a refund of any unearned advance payment of fees and the client's file. The record supports the conclusions that respondent

violated Rules of Disciplinary Enforcement 203(b)(2) and 204(b) and Rule of Professional Conduct 8.4(d). The record further supports the conclusion that respondent violated the Rules of Professional Conduct that precipitated the original imposition of an informal admonition.

Respondent failed to appear at the disciplinary hearing on these charges. Had he appeared and participated and had he given a plausible basis for his failure to appear for the informal admonition and his failure to comply with the condition, a recommendation for discipline less severe than a suspension of one year and one day could be considered by the board. *In re Lawrence W. Kustra,* 69 D.&C.4th 211 (2004), wherein the Supreme Court suspended respondent for six months with two years of probation and mental health monitoring for his failure to appear for a private reprimand. However, it is the recommendation of this board that more severe discipline is appropriate in the instant matter because respondent's misconduct is aggravated by the fact that he has made no effort to confront his disciplinary issues and has basically ignored the disciplinary process. He has provided no evidence that he has a desire to keep his license or that his misconduct will not continue in the future. There is no evidence that respondent places value on his privilege to practice law. He has forfeited any opportunity to accept responsibility or express remorse for his misconduct.

The recent matter of *Office of Disciplinary Counsel v. McVay,* no. 112 DD 2002, 984 Disciplinary Docket no. 3 (Pa. Jan. 31, 2005), is applicable to the situation at

hand. The Supreme Court suspended Mr. McVay for one year and one day following his failure to appear for a private reprimand, failure to comply with a condition, and failure to participate in or appear at the disciplinary hearing. The board is equally persuaded that a one year and one day suspension will ensure that respondent's fitness to practice law is tested and found sufficient before he is allowed to practice law in Pennsylvania in the future.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that the respondent, William A. Walsh, be suspended from the practice of law for a period of one year and one day.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

## ORDER

And now, May 25, 2006, upon consideration of the report and recommendations of the Disciplinary Board dated March 8, 2006, it is hereby ordered that William A. Walsh be and he is suspended from the bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.